By the Court. Bosworth, J.
The fraud complained of *626 consists in selling an inferior article of the plaintiff’s manufacture, gs being one of a superior quality. The fraud, to the extent that it may be successful, is twofold. The public is ■ defrauded by being induced to buy the inferior for the superior article. The plaintiff is defrauded by an unjust destruction of confidence, that his pens are put up for sale, and assorted with reference (¡O' the quality,, indicated to dealers by the labels on the boxes which contain them. From an order, restraining the continuance of this fraudulent practice, the defendant has appealed.
This case differs- from those in which a manufacturer seeks to restrain third persons from using and placing upon articles made by themselves, the device or trade-mark of the former, by which articles of his own manufacture are known to be his, and are recognised, as such, in the market.
The ground on which a court of equity exercises jurisdiction in those cases, is the prevention of fraud and of damages, consequent upon it, that might be irreparable.
In this case, the defendant has not attempted to sell an article made by himself, by "fraudulently creating the impression that it was made by the plaintiff. But he has attempted to sell an article made by the plaintiff to he sold as an inferior one of his own manufacture, and so labelled by him as to- denote to dealers that fact, by removing the label and putting in its place a spurious one, so nearly imitating another genuine label used by the plaintiff on his best quality of pens, as to be calculated to induce- a belief that it was put on the boxes by the plaintiff himself, and which, label denotes to traders that the boxes on which it is placed, contain- pens of á better quality than was indicated by the label, for which the- spurious one was substituted.
By such a practice, the defendant “ endeavors, by a false representation, to effect a dishonest purpose; he commits a fraud upon the public and upon the manufacturer. The purchaser has imposed upon him an article that he never meant to buy, and the manufacturer is robbed of the fruits of the reputation that he had successfully labored to earn. In such a case there is a fraud coupled with damage, and a court of equity, in refusing to restrain the wrongdoer by injunction, *627 would violate the principles upon which a large portion of its jurisdiction is founded, and abjure the exercise of its most important functions—the suppression of fraud, and the prevention of a mischief that otherwise may prove to be irreparable.”
These were stated, and as we think correctly, by Hr. Justice Duer, in the Amoskeag Manufacturing Co. v. Spear (2 Sandf. S. C. R. 606), to be the principles on which rests the jurisdiction exercised, to restrain the violation of a right acquired to use particular trade-marks.
Fraud and damage resulting from it, always entitle the injured party to relief. The remedy by inj unction is-invariably granted, when the nature of the injury is such that a preventive remedy is indispensable and should be permanent. It is obvious, that in cases like this,- if the injured party is obliged to seek redress by actions to recover damages, there will be no end to litigation,, and certain and adequate relief must be unattainable.
We all concur in the conclusion, that the order appealed from is not erroneous, and that it should be affirmed with costs.