### RUSSIA CEMENT CO. v. KATZENSTEIN et al.

(Circuit Court, S. D. New York. May 28, 1901.)

TRADE-NAMES—UNFAIR COMPETITION—USE OF NAME DENOTING SUPERIOR QUALITY.

Complainant for many years manufactured and sold glue of different grades under the general name of "Le Page's Glue," but with further designations to denote the grade or quality, the highest grade being designated as "Le Page's Liquid Glue," and the lowest as "Le Page's Fish Head Glue." Defendants purchased from complainant, in bulk, a quantity of the latter grade, which they put up in bottles with distinctive labels correctly stating that it was manufactured by complainant, and bottled by defendants, but on which they printed the name "Le Page's Liquid Glue," and placed the same in the market. Held, that such use on an inferior grade of the trade-name, which had become associated by the public with complainant's best grade, was fraudulent, and constituted unfair competition, which entitled complainant to an injunction.[1]

---

[1] As to unfair competition in trade, see notes to Scheuer v. Muller, 20 C. C. A. 165, and Lare v. Harper, 30 C. C. A. 376. Also, as to use of trade-names in general, see notes to R. W. Rogers Co. v. Wm. Rogers Mfg. Co., 17 C. C. A. 579, and Kathreiner's Malzkaffee Fabriken Mit Beschraenkter Haftung v. Pastor Kneipp Medicine Co., 27 C. C. A. 357.

In Equity. Suit to enjoin the alleged unlawful and fraudulent use of a trade-mark.

W. P. Preble, Jr. (Charles H. Drew, of counsel), for complainant. Ralph Nathan, for defendants.

HAZEL, District Judge. The complainant corporation, citizen of the state of Massachusetts, brings this suit in equity to enjoin and restrain defendants, citizens of New York, and dealers in glue, from using its trade mark and name "Le Page" on bottles or packages containing a liquid glue. The facts of this case are somewhat unusual in their character. The complainant avers that:

"It is engaged in the manufacture and sale of liquid fish glue, which it has put upon the market under the name of 'Le Page's Liquid Glue,' and has been so engaged continuously since February, 1882; * * * that it has adopted the trade name or mark 'Le Page'; * * * that the defendants are making, or causing to be made, and selling packages of liquid glue bearing the trade-mark of the complainant, which are not put up by the complainant, and do not contain glue of the same quality as the glue which the complainant puts up and sells in similar packages bearing said trade-mark; * * * that the use by the defendants of the name 'Le Page' has in many instances deceived complainant's customers and the public into ordering or buying as the complainant's goods glues of different make, sold by the defendants."

The answer of the defendants alleges:

"That the complainant sells a certain fish glue in liquid form, to which it has applied the name 'Le Page'; that the said glue is branded by the complainant as 'Le Page's Liquid Glue' or 'Le Page's Fish Glue,' and that the said brand is applied to all qualities of said glue and to all forms of it; that the defendants have purchased from complainant a number of barrels of liquid glue which it manufactures, and were branded as 'Le Page's Liquid Glue' by the complainant; that the said glue in bulk is known as 'Le Page's' on the market; that at the time of their said purchase the defendants informed the complainant that they purchased the said glue for the purpose of bottling it and reselling it; that the defendants have filled their bottles with the glue purchased from complainant company, and have described the contents thereof as 'Le Page's Liquid Glue, Manufactured only by the Russia Cement Company, Gloucester, Mass., and Bottled by the Columbia Wax Works, New York.'"

The proofs clearly show that complainant manufactures various grades of glue; that it designates its best grade of goods as "Le Page's Liquid Glue," without additional qualification. This grade is sold chiefly in bottles and small tin cans for consumption by the retail trade. It is odorless, and less adhesive, although more expensive; is made from better material, and refined with more care. It first became known to the public in 1882. The complainant has an exclusive right to the use of the word "Le Page" as a distinctive name for glue manufactured by it. Cement Co. v. Le Page, 147 Mass. 206, 17 N. E. 304; Le Page v. Cement Co., 2 C. C. A. 555, 51 Fed. 941, 17 L. R. A. 354. For these reasons it has been distinctively recognized by the trade, and its distinctive features exploited by the manufacturer. It therefore acquired a favorable and advantageous reputation. Other grades of glue of complainant's manufacture are distinguished by arbitrary designations, and by numbers having a particular signification. The trade mark and

name "Le Page" is applied not only to Le Page's Liquid Glue, but to Le Page's Liquid Fish Glue, No. 20 F, Le Page's Fish Glue, Unbleached, and Le Page's Fish Head Glue, No. 1,690. The defendants did not purchase of complainant its grade known as "Liquid Glue," but bought a cheaper grade, classified by complainant as "Le Page's Fish Head Glue," also known as "Le Page's Fish Glue." Defendants are not independent manufacturers of glues. As far as the proofs show, they simply distribute the product of complainant. All glues sold by complainant are generally known to the trade as "Le Page's Glue." The glue bought by defendants was bottled with complainant's knowledge and consent. The bottles of complainant for its retail trade in Le Page's Liquid Glue and the bottles used by defendants for the sale of their bottled glue were of uniform size. The color of label, style of print, and general appearance of defendants' bottles are dissimilar. No similarity in this respect is claimed. No deception is practiced on the purchaser of glue from defendants because of similitude in general appearance of the bottles containing the glue sold. The words "Le Page's Liquid Glue" are printed vertically on the labels used by both complainant and defendants. The claimed deception consists in the use of the words "Le Page's Liquid Glue" on defendants' bottles. These words proclaim to the purchaser that the glue contained in the bottles is of a superior grade to that which they contain, and is the same sold under that designation by the original manufacturers. The top of the barrel containing the glue bought by the defendants had stencilled thereon when delivered the words "Russia Cement Company, Le Page Fish Glue, 50 gallons, 1,690 F. H." Defendants were not deceived in the character of the glue purchased by them. They knew of the different grades of glue manufactured and sold by complainant. It is insisted by defendants that the glue bottled and sold by them was of a superior grade than that sold by complainant as Le Page's Liquid Glue. Why, then, sell it under that name? Why not designate it by the name under which it was sold as indicated on the barrel and in correspondence between complainant and defendants? The conclusion is clear that the efforts of the defendants to place upon the market an inferior grade of glue under complainant's trade mark and name, and under the pretense that it was Le Page's Liquid Glue of superior quality, or which was so regarded by the public, because of its odorless qualities, tended to deceive and did deceive the purchaser, and induced him to believe that he was buying a certain quality of glue manufactured by the complainant, although bottled by the defendants, and which had acquired a reputation for superiority.

It is uniformly held that a person has no right to dress his goods so as to deceive the intending purchaser, and to induce him to believe that he is buying an article of superior quality to that which is sold him. McLean v. Fleming, 96 U. S. 245, 24 L. Ed. 828; Lawrence Mfg. Co. v. Janesville Cotton Mills, 138 U. S. 551, 11 Sup. Ct. 402, 34 L. Ed. 1005; Flour-Mills Co. v. Eagle, 30 C. C. A. 386, 86 Fed. 608–613, 41 L. R. A. 162. The test in this case must be: Was there an intent on the part of these defendants, by the unauthor-

ized use of the trade-mark and words specifying a grade of complainant's commodity, to palm off the goods bought by them from the manufacturer for a better or different quality? The proofs clearly show that the defendants purchased a less expensive grade of glue than the liquid glue. No remedy lies to restrain these defendants from truthfully advising the trade that glue sold by them is manufactured by complainant. The defendants' commodity cannot be successfully assailed when it discloses truthfully the source of its manufacture. Gillott v. Kettle, 3 Duer, 624; Hennessy v. Hogan, 6 Wyatt, W. & A'B. Eq. 225; Condy v. Taylor, 56 Law T. (N. S.) 891; Hennessy v. White, 6 Wyatt, W. & A'B. Eq. 218. The deceit lies in the fact that the glue is placed on the market by the defendants as a liquid glue of different grade and quality than that bought by defendants in bulk from complainant. As a general proposition, a vendor is entitled to the protection of his trade mark and name, but the vendee cannot be prevented from stating the truth in reference to his wares. Condy v. Taylor, supra. It was held in Apollinaris Co. v. Scherer (C. C.) 27 Fed. 18, that "there is no exclusive right to the use of a name, or symbol, or emblematic device, except to denote the authenticity of an article with which it has become identified by association." So that in this case the defendants must be restricted to the particular designation of the glue which they purchased from complainant. Defendants have bought "Le Page's Fish Head Glue (1690 F. H.)." They are not permitted to sell that article as "Le Page's Liquid Glue," nor as "Le Page's Glue," having made a selection of the particular grade of glue which they desired to place upon the market. The labels used by the defendants, as already stated, are not like complainant's. Their own name as bottlers is appended. The only possible infringement is in the use of the words "Le Page" and "Liquid Glue," appended to the particular class of goods sold. The complainant, therefore, is entitled to an injunction restraining the defendants from applying the term "Le Page's Liquid Glue" to any glue sold by the complainant to defendants under any other or different designation. Let an injunction be issued accordingly, with costs to the complainant.